IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01314-ZLW

DOSSIE L. HOWARD III,

    Plaintiff,

v.

[NO NAMED DEFENDANT],

    Defendant.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 27 2010

GREGORY C. LANGHAM
                  CLERK

---

ORDER DENYING MOTION TO RECONSIDER

---

Plaintiff, Dossie L. Howard, is an inmate at the Denver County Jail in Denver, Colorado. He filed *pro se a* letter [Doc. No. 12] with the Court on August 12, 2010 stating:

> [I] received your letter concerning the judgment and dismissal of my class action suit. I'd provided the court with a [sic] inmate trust fund statement for the 6 month period. It was sent to Magistrate Judge Boland to cure my deficiencies. I don't know why the court didn't receive this, it was made out by the Denver Sheriff Dept. here at the Denver County Jail I believe in July when ordered. Why the court hadn't received it is beyond my wildest imagination. It's a mistake with U.S. Dist. Court.

The Court must construe Mr. Howard's filings liberally because he is proceeding *pro se*. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, Document No. 12 will be construed liberally as a motion to reconsider, and will be denied for the reasons stated below.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). The Court will consider Mr. Howard's motion to reconsider pursuant to Rule 59(e) because it was filed within twenty-eight days after the judgment was entered in this action on August 4, 2010. *See Van Skiver*, 952 F.2d at 1243 (stating that motion to reconsider filed within ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 59(e) motion).

The three major grounds that justify reconsideration are: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

The Court dismissed the instant action without prejudice on August 4, 2010, for Mr. Howard's failure to cure a deficiency in the case. Specifically, Mr. Howard was directed in a June 8, 2010 Order to file, within thirty days, a <u>certified</u> copy of his trust fund account statement for the preceding six-month period that was obtained from an appropriate Denver County Jail official. In a June 21, 2010 Minute Order, the Court granted Mr. Howard an extension to July 27, 2010 to comply with the June 8 Order.

The Court did receive an inmate account statement for Mr. Howard on July 7, 2010, but the statement was not certified by a Jail official as required by 28 U.S.C. § 1915(a)(2).

Upon consideration of the motion to reconsider and the entire file, the Court finds that Mr. Howard fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action. Although Mr. Howard argues that this Court made a mistake, it is Mr. Howard's responsibility to forward the appropriate documentation to the Court if he wishes to pursue his claim and proceed *in forma pauperis*. Therefore, the motion to reconsider will be denied. Mr. Howard is reminded, however, that the Court dismissed the instant action without prejudice. Therefore, if Mr. Howard wishes to pursue his claims, he may do so by filing a new action. Accordingly, it is

ORDERED that Document No. 12, filed on August 12, 2010, which the Court has construed liberally as a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 59(e), is denied.

DATED at Denver, Colorado, this __26th__ day of __August__, 2010.

BY THE COURT:

*Christine M. Arguello*
_____
CHRISTINE M. ARGUELLO
United States District Judge, for
ZITA LEESON WEINSHIENK
Senior Judge, United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-01314-ZLW

Dossie L. Howard III
Prisoner No. 241564
Denver County Jail
P.O. Box 1108
Denver, CO 80201

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 8/27/10

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk